## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY A. EVERETT, | ) |
| Plaintiff, | ) Civil Action No. 08-1098 |
| v. | ) Chief Judge Ambrose |
| | ) Magistrate Judge Bissoon |
| JOHN H. FORADORA, et al., | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this action be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A.

### II. REPORT

The Plaintiff, Barry A. Everett ("Everett" or "the Plaintiff"), a state prisoner confined at the State Correctional Institution at Cresson, Pennsylvania, seeks a "common law writ of prohibition" against state officials who, he alleges, are about to issue a warrant for his arrest. The Plaintiff apparently believes that the state authorities lack jurisdiction.

### A. Applicable Law.

This Court is required to review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which requires federal courts to review prisoner

complaints that seek redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief", the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

Everett is considered a "prisoner" as that term is defined under the PLRA. 28 U.S.C. §§ 1915(h); 1915A(c). The Defendants are state officials, i.e., employees of a governmental entity. In reviewing complaints under 28 U.S.C. §§ 1915A, a federal court applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). E.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)). To avoid dismissal under Rule 12(b)(6), the Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corporation v. Twombly. ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007).

**B. Analysis**

Everett seeks an order from this court prohibiting action by a state official. The writ of prohibition has traditionally been used to confine an inferior court to a lawful exercise of its prescribed jurisdiction, and the similar writ of mandamus has been used to compel a lower court to exercise its authority when

it is its duty to do so. In re Sch. Asbestos, 921 F.2d 1310, 1313 (3d Cir.1990). Modern courts have shown little concern for the technical differences between mandamus and prohibition. Id. In any event, federal courts have no authority to issue writs mandating or prohibiting action by state officials. Noble v. Cain, 123 Fed.Appx. 151, 152 (5th Cir.2005)("the remedy sought by Noble is in the nature of mandamus relief, which is not available to federal courts to direct state officials in the performance of their duties and functions"); In re Jones, 28 Fed.Appx. 133, 134 (3d Cir.2002)("Jones is not entitled to relief . . . . [S]he asks this Court to prohibit the State of Delaware from filing charges against her. The federal courts, however, have no general power in a mandamus action to compel action, or in this case inaction, by state officials."); Nelson v. South Carolina Dept. of Probation, Parole & Pardon Services, 230 F.3d 1353 (Table), 2000 WL 1455672, *1 (4th Cir.2000) ("we affirm on the district court's reasoning that federal courts cannot issue writs of mandamus to compel action by state officials or agencies.").

### III CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that this action be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. §1915A.

In accordance with the Magistrate's Act, 28 U.S.C. § 636

(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by August 28, 2008.

August 12, 2008                                s/Cathy Bissoon
                  Cathy Bissoon
                  United States Magistrate Judge


cc:
BARRY A. EVERETT, GD-6254
SCI Cresson
PO Box A
Cresson, PA 16699